FILED
2005 Jul-26 PM 12:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                        MIDDLE DIVISION

JERRY SUMMERLIN,              }
                              }
     Plaintiff,               }
                              }        CIVIL ACTION NO.
v.                            }        03-AR-2786-M
                              }
M & H VALVE COMPANY,          }
                              }
     Defendant.               }
```

**<u>MEMORANDUM OPINION</u>**

Before the court is the Rule 60(b) motion of plaintiff, Jerry Summerlin ("Summerlin"), for relief from the summary judgment entered against him as to his Title VII failure to promote claim based on the decision of defendant, M&H Valve Company ("M&H Valve"), to promote Chuck Yeager ("Yeager") to a machine shop supervisor position. The court first makes clear that Summerlin's motion does not call for re-examination of the court's decision to enter judgment against him on his Title VII retaliation claim, his race discrimination claim under 42 U.S.C. § 1981, or his Title VII failure to promote claims that are based on promotions other than the Yeager promotion. The court's summary judgment holding as to the said claims did not depend – as it did for the claim based on the Yeager promotion – upon a formulation of the plaintiff's *prima facie* case that includes a relative qualification element. To the extent Summerlin may intend to challenge the court's entry of judgment as to any claims other than his failure to promote claim based on the

Yeager promotion, he has advanced no basis for relief from the judgment, and the motion as to said claims will be denied accordingly.

This court's current involvement in a case on appeal to the Eleventh Circuit was precipitated by Summerlin's reference, in a post-judgment motion relating only tangentially to the merits of the court's summary judgment opinion, to a conflict between Eleventh Circuit decisions as to the elements of the *prima facie* case under the *McDonnell Douglas* framework in the failure to promote context. This court granted summary judgment (as to the claim based on the Yeager promotion) because there was no issue of fact that Summerlin was "equally or more qualified" than Yeager for the machine shop supervisor position awarded to the latter. The court acquired this "relative qualification" element of the *prima facie* case from *Lee v. GTE Florida, Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000). *See also Wu v. Thomas*, 847 F.2d 1480, 1483 (11th Cir. 1988); *Combs v. Plantation Patterns*, 106 F.3d 1519, 1539 n. 11 (11th Cir. 1997).[1]

What the court was unaware of at the time it entered judgment was the Eleventh Circuit's opinion in *Walker v. Mortham*, 158 F.3d 1177 (11th Cir. 1998). In *Walker*, the Eleventh Circuit held:

---

[1] Contrary to Summerlin's statement in his Rule 60 motion, the court notes that it did not rely on *Combs* for its formulation of the *prima facie* case. Mem. Op. p. 12.

2

> In light of our own precedent and decisions by the Supreme Court in *Burdine* and *Patterson*, we hold that district court...erred in imposing as part of the prima facie case a requirement that each plaintiff establish that the successful applicant for his or her coveted position was less than or equally qualified to hold the position. Although a plaintiff may be forced to address relative qualifications if the defendant presents them to rebut the plaintiff's presumption of discrimination, the plaintiff need not introduce evidence regarding relative qualifications before then; she need only prove that she herself was qualified to perform the coveted job.

158 F.3d at 1193.

Despite procedural complications, this court entered an order expressing its willingness to re-consider its summary judgment order in light of *Walker*. The Eleventh Circuit, by its order of June 27, 2005, allowed a Rule 60 consideration by this court.[2] Accordingly, the court will now address the merits of Summerlin's motion.

The sole issue is whether the court erred when it entered judgment against Summerlin on his claim that M&H Valve discriminated against him based on his race when it promoted

---

[2] Summerlin first mentioned *Walker* in a motion seeking relief from this court's order imposing a cost bond under Rule 7, F.R.App.P. In its order entered April 29, 2005, this court noted both that it lacked jurisdiction during the pendency of an appeal to grant Rule 60 relief and that Summerlin had invited a motion to dismiss his appeal when he failed to either timely post his Rule 7 bond or to take an appeal from the order imposing the bond. Nonetheless, the court expressed its willingness to revisit its summary judgment decision in the event the Eleventh Circuit denied a motion to dismiss the appeal for failure to post the bond. M&H Valve filed a motion to dismiss in the Court of Appeals. That court has not denied M&H Valve's motion, but rather has held M&H Valve's motion in abeyance and stayed Summerlin's appeal "pending the District Court's resolution of Appellant's Rule 60 motion," reasoning that the question of whether the appeal should be dismissed for failure to post a bond would disappear in the event this court grants the Rule 60 motion.

Yeager to the position of machine shop supervisor.  It is critical to recognize that the legal issue presented by the Rule 60 motion is distinct from the narrower underlying question, namely, did the court incorrectly impose a relative qualification element as part of Summerlin's *prima facie* burden.  *Walker* emphatically and unequivocally answers this latter question in the affirmative, but that does not end the court's inquiry.  As will be apparent from the discussion that follows, the court overlooked some important law while reaching the correct result.

    The argument that the court's judgment should stand, even though its earlier holding cannot be squared with *Walker*, is the entire thrust of M&H Valve's opposition to the Rule 60 motion.  M&H Valve does not concede that relative qualification has no place in the *prima facie* case, but it might as well have.  M&H Valve mentions, as this court first pointed out in its April 29 order, that if there was legal error in the court's formulation of the *prima facie* case, Summerlin was complicit in that he cited and relied on the same formulation, including the relative qualification element.  M&H Valve also notes that the Eleventh Circuit has never cited *Walker* in a subsequent case for its holding, and has in fact on more than one occasion, since *Walker,* expressed the belief that the *prima facie* case includes a relative qualification element.  The first of these points does not resolve the legal issue, and the second only serves to expose

4

the depth of the conflict between (and confusion created by) Eleventh Circuit cases on the subject.

Several of the post-*Walker* opinions cited by M&H Valve, including the two this court relied on in its summary judgment opinion, include relative qualification as part of the *prima facie* case only in *dicta*. See *Walker*, 158 F.3d at 1186 n. 20 (noting that where issue on appeal was "whether the defendant had successfully rebutted the plaintiff's prima facie case...the elements of the prima facie case were not even in question and the formulation of the prima facie case is pure dicta"); *Lee*, 226 F.3d at 1253; *Alexander v. Fulton County, Ga.*, 207 F.3d 1303, 1339 (11th Cir. 2000). However, at least one post-*Walker* Eleventh Circuit opinion cannot be dismissed with the incantation "dicta."

In *Wilson v. B/E Aerospace, Inc.* 376 F.3d 1079 (11th Cir. 2004), the Eleventh Circuit held that there was a genuine issue of fact as to whether the promotee was "equally or more qualified" for his promotion than the plaintiff. *Id.* at 1089. In that case, a female employee alleged that her employer discriminated against her on the basis of sex when it promoted a male employee over her. The district court granted summary judgment for the employer, finding that the plaintiff had not made out a *prima facie* case because she had failed to show both that she was qualified and that she was equally or better

qualified than the male promotee.  *Id.* at 1089.  Without mentioning *Walker*, the Eleventh Circuit reversed, holding that certain admissions by the decisionmaker created genuine issues of fact as to both the qualification and relative qualification elements of the *prima facie* case.  *Id.*  The Eleventh Circuit did not disregard the district court's conclusion that the plaintiff was not equally or more qualified than her comparator by citing *Walker* for the proposition that the district court had erroneously imposed a relative qualification element that was a figment of its imagination and of previous Eleventh Circuit *obiter dictum*.  Instead, the court upheld and applied the relative qualification standard, recognizing that the plaintiff's testimony was sufficient to establish the relative qualification element of her *prima facie* case.  *Id.*  The *Wilson* opinion clearly favors a relative qualification element and undercuts *Walker* by broadly stating that a disparate treatment *prima facie* case is established by showing that a plaintiff suffered an adverse employment action "in contrast with **similarly situated** employees outside the protected class."[3]  *Id.* at 1087 (emphasis supplied).

---

[3]  The court cited *McDonnell Douglas*, 411 U.S. 792 (1973), for this broad proposition that a Title VII plaintiff's *prima facie* case includes a comparison of his situation with another employee – in a failure to promote case his qualification relative to the person who got the promotion – despite the fact that the "original formulation" in *McDonnell Douglas* "allows plaintiff to establish her prima facie case without even showing that another person was hired for the job, let alone anything about the successful applicant." *Walker*, 158 F.3d at 1186 n. 15.

6

*Wilson* thus provides proof that the Eleventh Circuit may be killing *Walker* quietly, if inadvertently, by ignoring it or incrementally undercutting its holding.  This court will not undertake to resolve what seems to be a clear conflict between *Walker* and *Wilson*.  If the Eleventh Circuit wishes to reverse its holding in *Walker*, it can do so, either by revisiting that holding *en banc* or by ignoring its "emphatic" and "firmly established" prior panel precedent rule.  *See Walker*, 158 F.3d at 1188-89 (*quoting Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997)).  This court will follow the law as it understands the law, including the venerable prior panel precedent rule.  *See Norrell v. Waste Away Group, Inc.*, 246 F.Supp.2d 1213, 1221 n. 10 (M.D. Ala. 2003); *Montgomery v. City of Birmingham*, 2000 WL 1608620, *5 (N.D. Ala. Jan. 20, 2000)(CV-98-AR-2100-S).

In light of this court's probable application of an improper *prima facie* element, the question remains whether the court should grant relief from summary judgment.  The crux of M&H Valve's argument is that even if the court (along with M&H Valve and Summerlin himself) erred in applying a relative qualification element as part of plaintiff's *prima facie* burden, summary judgment was appropriate because Summerlin is (1) not qualified, and (2) even if qualified, Yeager was more qualified for the promotion, and Summerlin has provided no evidence of pretext.  The first of these reasons conflicts with the court's summary

7

judgment opinion, which, implicitly if not expressly, held that there are questions of fact as to Summerlin's qualification. The court sees no reason to revisit its earlier decision in that regard and rejects M&H Valve's first argument accordingly.

The court agrees with M&H Valve, however, that the judgment was not in error because Summerlin has not presented substantial evidence of pretext. Because the court concluded that Summerlin had not made out a *prima facie* case, it was not necessary to reach, and the court did not reach, the question of pretext. Perhaps the court should have reached the question in light of *Walker*, but relief from the judgment is inappropriate here because there is no substantial evidence to suggest that the higher relative qualification of Yeager, the legitimate nondiscriminatory reason proffered by M&H Valve, was pretextual. Put another way, the evidence fails to create a genuine issue of fact that M&H Valve's decision to promote Yeager over Summerlin was motivated by discrimination.

As M&H Valve correctly points out, whether it is part of the *prima facie* case or is instead a legitimate nondiscriminatory reason to rebut the plaintiff's *prima facie* showing, relative qualification remains an important area of summary judgment analysis.[4] If anything, when relative qualification becomes

---

[4] As the Eleventh Circuit stated in *Roberts v. Gadsden Mem'l Hosp.*, 835 F.2d 793 (11th Cir. 1988):
   Although the burgeoning progeny of *McDonnell Douglas* often treats

8

solely part of the legitimate reason/pretext analysis, it is harder for a plaintiff to surmount.  *See Alexander*, 207 F.3d at 1339 ("[i]n a failure to promote case...a plaintiff cannot prove pretext by simply arguing or even by showing that he was better qualified than the [individual] who received the position he coveted").  As this court found in its earlier memorandum opinion, the undisputed evidence is that Yeager had vastly more experience with CNC machines and with machine shop supervision than did Summerlin.  Though Summerlin was **qualified**, M&H Valve could have reasonably and easily subjectively believed that Yeager was **better qualified.**  For relative qualification to be so suspect as a nondiscriminatory reason as to beg the question of pretext, the qualifications of a plaintiff compared to the promotee must so distinctly favor the plaintiff as to "virtually

---

        the shifting burden test as an inflexible yardstick, the Supreme
        Court has cautioned that it intended the test to function more as
        an evidentiary guide to determine the ultimate question in a
        racial discrimination case under Title VII: whether the employer
        discriminated against the claimant on the basis of race.
*Id.* at 796.
This is an important principle in the context of deciding relative qualification's proper place in Title VII summary adjudication.  The penultimate question is whether there is **evidence** sufficient to support a finding that the employment decision in question, in this case the decision to promote a white comparator (and not the plaintiff), was motivated by race discrimination.  Thus, the failure of Summerlin's evidence to create even an issue of fact that he was equally as qualified as Yeager for the machine shop supervisor position at issue, does not drop out of the case simply because it is not a part of the *prima facie* case under the Eleventh Circuit's holding in *Walker*.  Rather, because M&H Valve proffers relative qualification as its nondiscriminatory reason, the court must scrutinize the evidence to see if a jury question  exists as to the credence of M&H Valve's alleged legitimate reason.  As the Eleventh Circuit has stated, the court "must not 'judge which employee was more qualified, but...determine whether any disparity...is so great that a reasonable fact-finder could infer that [M&H Valve] did not believe' that [Summerlin] was better qualified." *Wilson*, 376 F.3d at 1090 (*quoting Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 (11th Cir. 2001)).

9

jump off the page and slap you in the face." *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 (11th Cir. 2001).

Summerlin's argument that his own qualifications were superior to Yeager's misses the mark. This court is not called upon to decide who was better qualified as between Yeager and Summerlin, a question that is not directly presented in a Title VII case. So long as the employer's judgment is not wholly subjective and is based on facts that could reasonably support its conclusion that one employee was more qualified than another, the inquiry stops. *See Lee*, 226 F.3d at 1253 ("plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by [race]"); *Combs*, 106 F.3d at 1543 ("plaintiff may not establish that...proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where...the reason is one that **might motivate a reasonable employer**")(emphasis supplied). It is well established, if not axiomatic, that a federal court is not a super-personnel board. *See Lee*, 226 F.3d at 1254. The court's job is to decide whether there is **evidence** that M&H Valve's proffered reason, the relatively superior qualification of Yeager, should be disbelieved or that racial animus more likely than not motivated its decision.

Aside from his self-serving conclusion that he had superior qualifications, Summerlin argues pretext based on M&H Valve's

varying and subjective criteria for promotion decisions and its failure to post job openings.  He also makes much of testimony that he was not considered for the promotion that Yeager received, and he refers to an alleged pattern of discriminatory decisions by the company based on a lack of black supervisors.  Taken together, this combination of arguments to the effect that unlawful discrimination more likely than not motivated M&H Valve's decision is unavailing.

First, the fact that the company's criteria for choosing a supervisor for a particular department – in this case one whose duties would include the supervision of CNC machine operations and operators – are to some degree subjective does not give rise to an inference that M&H Valve's asserted legitimate reason should be disbelieved.  There can be no doubt that relative qualification is somewhat subjective, that is to say, it is subject to different interpretations.  This is not the case, however, where a white supervisor's "subjective evaluations" provide the proffered basis for an employment decision.  *See Miles v. M.N.C. Corp.*, 750 F.2d 867, 871 (11th Cir. 1985)("[t]his circuit has frequently noted ...that subjective evaluations involving white supervisors provide a ready mechanism for racial discrimination"); *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 644 (11th Cir. 1998)("[f]or example, requirements such as the possession of 'initiative and judgement capabilities'

11

and the ability 'to relate to people in a manner to win confidence and establish support' are incapable of objective evaluation"). Unlike the inherently subjective and malleable criteria discussed in *Carter*, the supervisory experience levels of Yeager and Summerlin and their experience with CNC machine operation, are objectively measurable, and M&H Valve's measurement of these criteria does not lack credence.  *See Wilson*, 376 F.3d at 1088 (explaining that "employer's use of subjective factors...does not raise a red flag" and that "nothing in our precedent established that an employer's reliance upon legitimate, job-related subjective considerations suggests in its own right an intent to facilitate discrimination")(internal citation omitted); *Chapman v. AI Transport*, 229 F.2d 1012, 1034 (11th Cir. 2000)("subjective reason is...legally sufficient...if the defendant articulates a clear and reasonably specific factual basis upon which it based its subjective opinion").  Particularly when, as in this case, the undisputed fact is that Summerlin had only just finished a CNC operator training program, and Yeager had ten years of experience operating CNC machines, including several years as a lead man or supervisor over machine operations, it cannot be said that M&H Valve's proffered reason invites disbelief, or that Summerlin has offered sufficient circumstantial proof to allow a reasonable factfinder to believe that race prejudice more likely than not motivated M&H Valve's

12

decision to promote Yeager.

Summerlin's reliance on testimony that he was not considered for the Yeager promotion also fails to support an inference of unlawful motivation. The authorities Summerlin cites for the proposition that a defendant's failure to consider a plaintiff for a promotion constitutes evidence of discrimination do not support his argument on the facts of this case. *See Roberts*, 835 F.2d at 798 ("[f]ailing to consider [plaintiff] in itself constituted disparate treatment under these facts"); *Carmichael v. Birmingham Saw Works*, 738 F.2d 1126, 1134 (11th Cir. 1984); *Joshi v. Florida State Univ. Health Ctr.*, 763 F.2d 1227, 1235 (11th Cir. 1985). Contrasted against a situation where employees only learn of promotion opportunities by word of mouth, and the word of mouth channels at the particular workplace tend to exclude black employees, the undisputed evidence in this case is that Summerlin's supervisor did not consider him for the promotion awarded Yeager because he had just finished a CNC operator training program, whereas Yeager had years of experience as an operator and even as a supervisor of CNC machine operations. Thus, the failure to consider Summerlin is not legitimately or logically the product of a generalized racial inequality at M&H Valve, as was the case in *Roberts* and *Carmichael*, but instead was a product of Yeager's demonstrably

superior qualification for the position at issue.[5]  *See Joshi*, 763 F.2d at 1235.  In other words, the failure to consider Summerlin was **related** to the legitimate reason advanced by M&H Valve; it is not in itself the proffered reason.

Finally, as the court found in its summary judgment opinion, no evidence supports Summerlin's self-serving conclusory testimony that M&H Valve engaged in a pattern of discriminatory hiring practices, and Summerlin's argument that there were no black supervisors at the time of the Yeager promotion is "not even probative of pretext" without other relevant information, including the number of black individuals who expressed interest in supervisory positions.  *See Wilson*, 376 F.3d at 1088.

*Conclusion*

For the foregoing reasons, the court determines that the evidence fails to create a genuine issue of fact that unlawful discrimination more likely than not motivated M&H Valve's decision to promote Yeager instead of Summerlin.  The Rule 60 motion will be denied by separate order.[6]

---

[5] A critical difference exists between the facts in this case and those decisions cited by Summerlin for the proposition that an employer that does not post promotion opportunities has a duty to consider all interested, qualified employees: In cases like *Carmichael*, the court is able to eliminate relative qualification as a variable.  *See Carmichael*, 738 F.2d at 1134 ("[t]here is no discernable reason why the defendant should have considered" the white employee but not the plaintiff).

[6] Because the court is denying the Rule 60 motion, it need not decide whether the Eleventh Circuit's order of June 27, 2005, had the effect of returning plenary jurisdiction to this court to **grant** Rule 60 relief, because even without a return of jurisdiction from the appellate court, a district court retains jurisdiction and is free to deny Rule 60 relief even during the

DONE this 26th day of July, 2005.

_____
WILLIAM M. ACKER, JR.

UNITED STATES DISTRICT JUDGE

---

pendency of an appeal.  *See Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 932 (5th Cir. 1976).

15